**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS LYNCH, ANTHONY KING, PAUL MARTIN, JEROME SHELTON, STEVEN BATES, PATRICK SHEPPARD, and ANTHONY VAN BUSKIRK, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 12 C 9032 |
| THE CITY OF CHICAGO, MAYOR RAHM EMANUEL, FELICIA DAVIS, THERESA MINTLE, and ALEXANDRA HOLT, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Thomas Lynch, Anthony King, Paul Martin, Jerome Shelton, Steven Bates, Patrick Sheppard, and Anthony Van Buskirk, all of whom are or were Chicago Fire Department (CFD) District Chiefs or Deputy District Chiefs, have filed suit against the City of Chicago, Mayor Rahm Emanuel, and three other employees of the City. The plaintiffs' claims arise from the City's decision not to offer them certain early retirement benefits. Plaintiffs allege that the defendants violated the Age Discrimination and Employment Act, 29 U.S.C. § 623(a) (ADEA), the Equal Pay Act, 29 U.S.C. 206(d) (EPA), and the Equal Protection Clause of the Fourteenth Amendment (or perhaps other constitutional provisions). Plaintiffs also assert state law claims for breach of implied contract and promissory estoppel. Defendants have

moved to dismiss all of plaintiffs' claims.  For the reasons stated below, the Court

dismisses all of plaintiffs' claims other than Count 3, their claim for violation of

constitutional rights, and also dismisses their claims against the individual

defendants.

**Background**

The Court draws the following facts from the allegations plaintiffs' second

amended complaint, accepting those allegations as true for purposes of considering

defendants' motions to dismiss.  *Hallinan v. Fraternal Order of Police of Chi. Lodge

No. 7*, 570 F. 3d 811, 820 (7th Cir. 2009).

During the relevant period, November 2011 through August 2012, all of the

plaintiffs were over fifty years old, were employed by the CFD, and held positions as

District Chiefs or Deputy District Chiefs. Persons holding these "exempt rank"

positions are appointed by the Fire Commissioner.

In February 2011, the City distributed a "Notice of Early Retiree Reinsurance

Program" (ERRP) and a "Notice of Age 55 Health Care Benefits" (Age 55) to all CFD

employees, including plaintiffs.  *See* 2d Am. Compl., Exh. C.  The ERRP program,

as described in the notice, involves federal reimbursement to employee health plans

for some of the cost of health care benefits for early retirees.  A cover letter that

accompanied the ERRP notice said that the City "may use any [such]

reimbursements to reduce Plan participants' premium contributions, copayments,

deductibles, coinsurance, or other out of pocket costs.  ERRP reimbursements may

also be used to offset rising costs and minimize future benefit reductions."  *Id.*  The

Age 55 notice stated that a particular provision of the labor contract that covers

certain Fire Department personnel "pertaining to retirement age (60) has now been extended to employees who retire on or after age 55" and that as of 2012, "a maximum of one hundred fifty (150) *bargaining unit employees* . . . shall be permitted to avail himself/herself of this benefit." *Id.* (emphasis added).

Plaintiffs are not bargaining unit employees who are subject to the cited labor contract. They allege, however, that they were "repeatedly told that they would be eligible to accept the federal benefit like the rest of the Police and Fire employees." 2d Am. Compl. ¶ 16. Plaintiffs also allege, at various spots in their complaint, that historically all ranks, both exempt and non-exempt, have been treated the same for early retirement purposes in both the Fire and Police Departments. In the present situation, however, things changed, according to plaintiffs. Plaintiffs allege that they "were strung along by the Defendants" but that "in the literal 11th hour of the application deadline," the defendants notified plaintiffs "that they were recanting and withdrawing the offer of ERRP Federal benefits and denying the benefit for Chicago Fire Department exempt rank but still offering it to Chicago Fire Department bargaining unit ranks, Chicago Police Department bargaining unit ranks and Chicago Police Department exempt rank employees." *Id.* Plaintiffs allege that in order to qualify and receive benefits through the ERRP, they were "forced to demote themselves from exempt rank position down to Battalion Chief, take a reduction in pay, [and] dissipate their pensions." *Id.* ¶ 17.

**Discussion**

Defendants have moved to dismiss plaintiffs' second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On a motion to dismiss under

3

Rule 12(b)(6), the Court accepts the facts stated in the complaint as true and draws reasonable inferences in favor of the plaintiffs. *Hallinan*, 570 F.3d at 820. To survive a motion to dismiss, a complaint must include enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**1.    Count 1 – ADEA claim**

To prevail on a claim under the ADEA, a plaintiff must show that "the protected trait (under the ADEA, age) actually motivated the employer's decision -- that is, the employee's protected trait must have 'actually played a role in [the employer's decision-making] process and had a determinative influence on the outcome.'" *Schuster v. Lucent Techs., Inc.,* 327 F.3d 569, 573 (7th Cir. 2003) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (1993)). To put it perhaps a bit more clearly, a plaintiff in an age discrimination case must prove "that age was the 'but-for' cause of the challenged adverse action," not simply "one motivating factor" in that action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009).

Plaintiffs allege in Count 1 that they were discriminated against "because of their age and rank." *See, e.g.*, 2d Am. Compl. ¶ 24. They never allege that age was a determinative factor; rather, they consistently hedge this, saying, for example, "[t]hat *age and rank* was a determining factor in the discriminatory treatment." *Id.* ¶ 26 (emphasis added). Other allegations in plaintiffs' complaint, however, including

4

the documents that they have attached to the complaint, undermine any claim that

age was the but-for cause of their exclusion from the ERRP program. Rather, the

complaint and attachments make it apparent that the differential treatment was

based on rank, not age.[1] Specifically, plaintiffs allege repeatedly that before the

ERRP program came along, they were consistently treated the same as similarly-

aged bargaining unit employees for early retirement purposes but that this changed

when it came to the ERRP program. That reflects rank-based discrimination, not

age-based discrimination; indeed, plaintiffs make a big point of the fact that the

program *was made available* to other Fire and Police Department personnel the

same age as the plaintiffs and that the only difference between them and the others

in this respect was their rank and, perhaps, their status as Fire Department

personnel as opposed to Police Department personnel.

Given plaintiffs' detailed allegations regarding how the ERRP program was

offered and carried out, their conclusory allegation that their "age and rank" were the

determinative factors – assuming this would otherwise be enough – is insufficient.

Plaintiffs have failed to state a claim of age discrimination.

**2.      Count 2 – EPA claim**

The EPA prohibits an employer from discriminating on the basis of gender "by

paying wages to employees  . . . at a rate less than the rate at which he pays wages

to employees of the opposite sex . . . for equal work on jobs the performance of

---

[1] The Court does not intend by this to exclude other potentially inappropriate
considerations that might have motivated the decision – for example, spite, vindictiveness,
or political considerations, as plaintiffs allege in their constitutional-rights claim. The point
here is that plaintiffs simply have not alleged that their age was a but-for cause of the
decision to deny them ERRP benefits.

which requires equal skill, effort, and responsibility, and which are performed under similar working conditions . . . ."  29 U.S.C. § 206(d).  A claim under the EPA requires a "causal relationship between sex and pay," and "if the difference is due to a factor unrelated to gender, there is no violation."  *Lindale v. Tokheim Corp.*, 145 F.3d 953, 957 (7th Cir. 1998).

In their complaint, plaintiffs allege that they were denied "an equal opportunity for employment benefits in violation of the [EPA]."  2d Am. Compl. ¶ 32.  They attribute this, however, to "age and rank," not gender.  *Id.* ¶ 34; *see also id.* ¶ *35* ("the discriminatory treatment was based on rank . . .").  And they do not allege anywhere in the complaint – nor could they, the Court suspects – that ERRP benefits were offered to similarly-situated exempt-rank female CFD personnel. Plaintiffs have failed to state a claim under the EPA.

**3.     Count 3 – claim for violation of constitutional rights**

In count 3, plaintiffs assert a claim for violation of their constitutional rights. They allege, in essence, that they were singled out when they were denied participation in the ERRP program.  They allege that the program was offered to non-exempt (bargaining unit) Fire Department personnel who were otherwise similarly situated and to exempt and non-exempt Police Department personnel who were otherwise similarly situated.  The thrust of plaintiffs' allegations is that these distinctions were arbitrary.  *See* 2d Am. Compl. ¶ 48 (quoting the defendants as saying that plaintiffs and other exempt-rank officers would not get the benefit because "there's a new Sheriff in town" and that they "don't care" that other Fire and Police Department personnel were getting the benefit).  They further allege that the

defendants acted out of "vindictiveness, malice, animosity and spite." *Id.* ¶ 51.

Finally, plaintiffs allege that the defendants in effect retaliated against them to

"punish Plaintiffs for supporting a political rival." *Id.* ¶ 52. These allegations suffice

to state a claim for violation of the Equal Protection Clause. *See, e.g., Swanson v.*

*City of Chetek*, 719 F.3d 780, 784-85 (7th Cir. 2013).

Defendants' primary argument is that plaintiffs have failed to make the

allegations necessary to state a claim against the City or against any of the

individual defendants. With regard to the individual defendants, 42 U.S.C. § 1983,

the statute under which plaintiffs assert their claim, "creates a cause of action based

on personal liability and predicated upon fault; thus liability does not attach unless

the individual defendant caused or participated in a constitutional deprivation."

*Vance v. Washington*, 97 F.3d 987, 991 (7th Cir. 1996). Plaintiffs make no effort to

describe the involvement of any of the individual defendants in the challenged

decision. Rather, they lump all of the individual defendants together in a single

conclusory allegation that all of them stated – at the same time, it appears –that

plaintiffs would not get the ERRP benefits because "'there's a new Sheriff in town.'"

*See* 2d Am. Compl. ¶¶ 16 & 48 (quotation marks in original). The contention that all

of the defendants stated this in unison does not pass the plausibility standard.

Plaintiffs' other allegations regarding the individual defendants are even more

conclusory than this one. And their only description of the defendants' respective

roles is that Mayor Emanuel has executive responsibility for the operation of the

Police and Fire Departments and that the other defendants are employed in

positions involving employee compensation and benefits. *See id.* ¶ 45. These are

insufficient allegations of personal involvement in the challenged decision.

Plaintiffs have, by contrast, sufficiently alleged a claim against the City. In this regard, they are not required at this stage of the case to attribute the quoted remarks to any particular person. Plaintiffs' allegations that the City had always treated exempt-rank Fire Department personnel the same as bargaining unit personnel for purposes of retirement benefits and that a deliberate decision was made to act differently in this situation is sufficient to give rise to a plausible inference that this decision was made at the policy-making level.

**4.      Count 4 - implied contract claim**

In count 4, plaintiffs assert a claim for breach of an implied contract. There are two types of implied contracts, those implied in law and those implied in fact. In an action based on a contract implied in law, the plaintiff asks the court to remedy the fact that the defendant was unjustly enriched, by imposing a contract. A contract implied in law thus "exists independent of any agreement or consent of the parties." *Vill. of Bloomingdale v. CDG Enters., Inc.*, 196 Ill. 2d 484, 500, 752 N.E.2d 1090, 1101 (2001). A claim of this type "is established when the defendant has unjustly retained a benefit to the plaintiff's detriment . . . and defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Midcoast Aviation, Inc. v. Gen. Elec. Credit Corp.,* 907 F.2d 732, 736-37 (7th Cir. 1990). By contrast, a contract implied in fact "is one in which a contractual duty is imposed by a promissory expression[,] which may be inferred from the facts and circumstances and the expressions on the part of the promisor which show an intention to be bound." *Kohlenbrenner v. N. Suburban Clinic, Ltd.*,

8

356 Ill. App. 3d 414, 419, 826 N.E.2d 563, 567 (2005).  A contract implied in fact requires all of the elements of an express contract, along with a mutual intent to enter into a contract.  *See, e.g., Nissan N. Am., Inc. v. Jim M'Lady Oldsmobile, Inc.*, 486 F.3d 989, 996 (7th Cir. 2007).

Plaintiffs do not assert a claim involving unjust enrichment and thus do not appear to be alleging a claim for breach of a contract implied in law.  Rather, their claim is for breach of a contract implied in fact.  As indicated, a contract implied in fact requires all of the elements of a contract:  "offer, acceptance, and consideration," as well as "a meeting of the minds."  *Id.* at 996.  Plaintiffs cannot base this claim on the written notices they received; these documents stated that the benefit would be available only to bargaining unit personnel, and plaintiffs were not bargaining unit members.  Thus plaintiffs' claim is necessarily based on purported oral assurances.

Plaintiffs have sufficiently alleged an oral promise, *see* 2d Am. Compl. ¶ 16, but they have failed to allege that they provided any consideration in return.  They do not even allege, for example, that they decided to keep working for the Fire Department because of the promise they claim they were given, or that they would have resigned or retired earlier but for the promise of ERRP benefits.  Their claim of implied contract thus fails for lack of a sufficient allegation of consideration.

**5.      Count 5 - promissory estoppel claim**

A claim of promissory estoppel under Illinois law requires a plaintiff to prove that:  (1) the defendant made an unambiguous promise to the plaintiff; (2) upon which the plaintiff relied; (3) to his detriment; and (4) his reliance was expected and

foreseeable by the defendant. *Quake Constr., Inc. v. Am. Airlines, Inc.,* 141 Ill. 2d

281, 310, 565 N.E.2d 990, 1004 (1990). In their motion to dismiss, defendants

challenge the adequacy of plaintiffs' allegations regarding the first three of these

elements.

As the Court has noted, plaintiffs allege in their complaint that they were

"repeatedly told that they would be eligible to accept the Federal benefit" under the

ERRP program. 2d Am. Compl. ¶ 16. This is, as defendants point out, contrary to

the written notice, which confined eligibility to "bargaining unit" employees. But

plaintiffs do not have to prove their case in the complaint. They have made a

sufficient allegation of an unambiguous promise; the truth or falsity of that allegation

is not at issue at this stage of the case.

What is lacking, however, is a sufficient allegation of detrimental reliance.

Plaintiffs nowhere allege what, if anything, they did based on the alleged promise of

eligibility for ERRP benefits. They contend that due to the City's failure to carry out

its promise, to become eligible for the ERRP program they had to take demotions

and give up certain other benefits. *See* 2d Am. Compl.¶ ¶ 17 & 70. But that is an

allegation of damage, not an allegation of detrimental reliance. The Court concludes

that plaintiffs have failed to state a claim of promissory estoppel.

**Conclusion**

For the foregoing reasons, the Court grants the individual defendants' motion

to dismiss [dkt. no. 25] and grants in part and denies in part the City's motion to

dismiss [dkt. no. 17]. All claims against defendants Emanuel, Davis, Mintle, and Holt

are dismissed for failure to state a claim. As to the City of Chicago, all claims other

than Count 3 of the second amended complaint are dismissed for failure to state a claim. The City is directed to answer that claim by no later than September 23, 2013. Both sides are to make Rule 26(a)(1) disclosures by that same date. The case is set for a status hearing on September 27, 2013 at 9:30 a.m. for the purpose of setting a discovery schedule.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 23, 2013