IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS LYNCH, ANTHONY KING, PAUL MARTIN, JEROME SHELTON, STEVEN BATES, PATRICK SHEPPARD, and ANTHONY VAN BUSKIRK,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF CHICAGO,<br><br>Defendant. | Case No. 12 C 9032 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Seven former employees of the Chicago Fire Department (CFD)—Thomas Lynch, Anthony King, Paul Martin, Jerome Shelton, Steven Bates, Patrick Sheppard, and Anthony Van Buskirk—have sued the City of Chicago for violations of the Equal Protection Clause of the Fourteenth Amendment. They allege that the City denied them an early retirement benefit that was provided to other CFD employees. The City has moved for summary judgment. For the reasons stated below, the Court grants the City's motion.

## Background

The plaintiffs are seven retired CFD employees who held the positions of District Chief and Deputy District Chief before giving their notices to retire in November 2011. Persons holding these "exempt rank" positions are appointed by the Fire Commissioner and do not participate in the CFD's "bargaining unit," represented by the Chicago Fire

Fighters Union. As such, they are exempt from the collective bargaining agreement between the Union and the City.

Both exempt rank and bargaining unit employees may retire on or after age 60 with fully-funded health care benefits. The collective bargaining agreement signed in 2007 extended this health care benefit to bargaining unit members who retire on or after age 55. Although benefits given to bargaining unit members generally had been given to exempt rank employees as well, the City declined to give the early retirement benefit to exempt rank employees. Accordingly, exempt rank employees who wanted the early retirement benefit had to demote themselves to bargaining unit positions before retiring. The plaintiffs did so in 2011 and received the early retirement benefit upon retirement in late 2012.

Following their retirement, the plaintiffs sued the City for violations of the Age Discrimination in Employment Act, the Equal Protection Clause of the Fourteenth Amendment, and various state laws. On August 23, 2013, the Court granted the City's motion to dismiss on all counts except the plaintiffs' equal protection claim. The City then filed a motion to reconsider the Court's decision as to the equal protection claim, arguing that the plaintiffs were asserting a "class-of-one" claim that was barred under *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591 (2008). In response, the plaintiffs disclaimed any class-of-one claim. Relying on plaintiffs' representations, the Court denied the motion.

Discovery closed on April 15, 2014. The City filed this motion for summary judgment on July 3, 2014.

**Discussion**

A party is entitled to summary judgment if it shows that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). On a motion for summary judgment, the Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Srail v. Vill. of Lisle*, 588 F.3d 940, 943 (7th Cir. 2009). Summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When an equal protection claim involves discrimination based on membership in a suspect class or denial of a fundamental right, the classification is subject to strict scrutiny. *Srail*, 588 F.3d at 943. In this case, the parties agree that neither of these factors is present: CFD exempt rank employees are neither a suspect nor a quasi-suspect class, and the early retirement benefit is not a fundamental right. The Court therefore applies the rational basis standard of review to plaintiffs' equal protection claim. *Id.* To prevail on their claim, the plaintiffs must prove that the City intentionally treated them differently from others who are similarly situated; this was because of their membership in the class to which they belong; and the difference in treatment was not rationally related to a legitimate state interest. *Id.*

The Supreme Court has held that "the Equal Protection Clause may give[ ] rise to a cause of action on behalf of a 'class of one' where the plaintiff d[oes] not allege membership in a class or group *if* the plaintiff can show that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the

difference in treatment." *D.B.* ex rel. *Kurtis B. v. Kopp*, 725 F.3d 681 (7th Cir. 2013) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).[1] Under such circumstances, a plaintiff is not required to establish membership in a class to sustain a claim. Accordingly, when a plaintiff asserts a so-called class-of-one equal protection claim, the second element of the rational basis test—requiring proof that the difference in treatment was caused by the plaintiff's membership in the class to which he belongs—is eliminated. *See Srail*, 588 F.3d at 943 (observing that plaintiffs advancing a class-of-one theory "need not demonstrate the second element of an equal protection challenge").

As discussed above, in earlier motion for reconsideration, the City argued that the plaintiffs were relying on a class-of-one theory. The City inferred this from the complaint, in which the plaintiffs alleged that denying them the early retirement benefit was "selective persecution and arbitrary treatment by a public official calculated to punish [p]laintiffs for supporting a political rival." Second Am. Compl. ¶ 52. The City noted, furthermore, that the plaintiffs did not "allege that the reason other exempt CFD officers were not allowed to participate in the early retirement program is the same reason that the [p]laintiffs were not allowed (i.e., 'for supporting a political rival')." Def.'s Mot. for Recons. ¶ 1. Additionally, the fact that the Court's decision on the motion to dismiss cited *Swanson v. City of Chetek*, 719 F.3d 780 (7th Cir. 2013)—a case involving

---

[1] There is disagreement in the Seventh Circuit "on the role of illegitimate motive or improper purpose in class-of-one litigation." *D.B.* ex rel. *Kurtis*, 725 F.3d at 685 (citing *Del Marcelle v. Brown Cnty. Corp.*, 680 F.3d 887, 913-14 (7th Cir. 2012)). Consequently, "[t]he law concerning 'class of one' equal-protection claims is in flux . . . ." *Del Marcelle*, 680 F.3d at 888. The Court need not address this point, however, because it concludes that class-of-one equal protection claims are categorically barred in the public employment context.

4

a class-of-one equal protection claim—suggested, in the City's view, that the Court might have determined that the plaintiffs were asserting a class-of-one equal protection claim as well. *Id.* at ¶ 8. Thus, arguing that *Engquist* categorically bars class-of-one equal protection claims in the public employment context, the City asked the Court to reconsider its decision denying their motion to dismiss.

Plaintiffs expressly disavowed a class-of-one-based theory in their response to the motion for reconsideration and did so again at a hearing on the motion on October 7, 2013. Relying on this representation, the Court concluded that *Engquist* did not bar plaintiffs' equal protection claim. Accordingly, the Court denied the motion for reconsideration.

In response to the City's motion for summary judgment, however, plaintiffs rely exclusively on a class-of-one theory. In opposing summary judgment, plaintiffs contend that the City ignored their repeated requests for information about whether the early retirement benefit would be extended to exempt employees and that no answer was given until the "eleventh hour"—that is, the evening before the deadline to apply for the benefit. Pls.' Resp. and Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. at 8. When the City finally told plaintiffs that CFD exempt employees would be denied the benefit, no explanation was given for the decision, plaintiffs say, save for "it is a new Administration." *Id.* Plaintiffs also contend that they "were not given any written notice about the requirement to self-demote to receive the [early retirement] benefit," even though such notice is now afforded to CFD exempt employees. *Id.* at 11-12. In their statement of undisputed material facts (though not in their response brief), plaintiffs contend that another CFD exempt employee who took the early retirement benefit in the

5

same year as the plaintiffs "was allowed to continue in his position as District Chief and to receive his same compensation." Pl.'s LR 56.1(a)(3) Stmt. ¶ 22. In plaintiffs' view, then, the City's lack of explanation for its decision, combined with the fact that the City treated them differently from other employees who were similarly situated, establishes that the City's decision was arbitrary and, therefore, a class-of-one equal protection violation.

Plaintiffs do not explain why they have pivoted to a class-of-one theory as the sole basis for their suit.[2] No matter. Their reliance on that theory is fatal to their claim. As the City correctly observed in its motion for reconsideration, the Supreme Court held in *Engquist* that "a 'class-of-one' theory of equal protection has no place in the public employment context." *Engquist*, 553 U.S. at 594. The Court acknowledged that "[w]hen those who appear similarly situated are nevertheless treated differently, the Equal Protection Clause requires at least a rational reason for the difference, to ensure that all persons subject to legislation or regulation are indeed being 'treated alike, under like circumstances and conditions.'" *Id.* at 602 (internal quotation marks omitted). But "some forms of state action," the Court explained, "by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments" and, accordingly, "treating like individuals differently is an accepted consequence of the discretion granted." *Id.* at 603. Public employment decisionmaking is the quintessential

---

[2] In their complaint, the plaintiffs alleged that the decision not to extend the early retirement benefit to them was punishment for supporting a losing mayoral candidate. Plaintiffs make no argument along those lines in their response to the summary judgment motion, however. The Court, of course, does not know why—perhaps the allegation could not be sustained by the evidence obtained in discovery? Whatever the reason, plaintiffs have not advanced any sort of a claim based on political affiliation or exercise of their right to free speech.

6

example of this, the Court said, as such decisions "are quite often subjective and individualized, resting on a wide array of factors that are difficult to articulate and quantify." *Id.* at 604. That is to say, simply by exercising discretion as an employer, the state treats like persons differently, rendering virtually any personnel decision a potential class-of-one equal protection claim. *Id.* at 605. The Court concluded that in the public employment context, equal protection challenges "based on the arbitrary singling out of a particular person" cannot be permitted, for doing so "would undermine the very discretion that such state officials are entrusted to exercise." *Id.* at 603. As the *Engquist* dissent noted, the effect of this ruling is to "tolerate[ ] arbitrary and irrational decisions in the [public] employment context." *Id.* at 614; *see also id.* at 607 (majority opinion) (noting that "various statutory schemes protecting public employees from discharge for impermissible reasons" are "act[s] of legislative grace, not constitutional mandate").

In this case, plaintiffs contend that a personnel decision made by the City—to not give them an early retirement benefit offered to CFD bargaining unit employees—was arbitrary. They argue, therefore, that this decision constituted an equal protection violation under a class-of-one theory. But this is precisely the sort of claim that *Engquist* categorically prohibits. The fact that the personnel decision at issue in this case may appear arbitrary makes no difference as a matter of equal protection law, as *Engquist* instructs that treating similarly situated employees differently is an "accepted consequence of the discretion granted" to the City as an employer. *Id.* at 603.

Plaintiffs could have proceeded under a standard equal protection theory based on membership in a class. After all, CFD exempt employees are a readily discernible

7

class, and the City adopted a blanket policy that denied this class the early retirement benefit. Plaintiffs do not oppose summary judgment on this basis, however. This suggests, perhaps, that plaintiffs did not believe that they had a basis to sustain their claim under the rational basis test. Indeed, other courts have found a rational basis for personnel decisions analogous to this one. *See, e.g.*, *Confederation of Police v. City of Chicago*, 481 F. Supp. 566, 568 (N.D. Ill. 1980) (holding that the difference in compensation and benefit packages between police officers and other city government employees was justified by the "functional differences" between the employees, and concluding that "[s]urely the court should not sit as a board of review for every decision of a state agency concerning employment conditions for different classes of government employees").

Finally, in their response to the summary judgment motion, plaintiffs also argue that they "did not receive the benefits of the federal Early Retiree Reinsurance Program (ERRP)." Pls.' Resp. to Def.'s Mot. for Summ. J. at 13. The ERRP, however, was not a retirement benefit given to CFD employees, but a federal subsidy that offset the City's retiree health care costs. No ERRP funds were distributed to individual retirees directly. Thus, the Court need not consider plaintiffs' ERRP argument separately, as it is subsumed in their equal protection claim.

Because class-of-one is the only theory plaintiffs offer to sustain their equal protection claim, and because a claim on that basis is barred by *Engquist*, their claim fails. Accordingly, the Court need not reach the other issues raised in the City's summary judgment motion.

**Conclusion**

For the foregoing reasons, the Court grants defendant's motion for summary judgment [dkt. no. 69] and directs the Clerk to enter judgment in favor of defendant.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 11, 2014